# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BRAINARD,<br><br>Plaintiff,<br><br>v.<br><br>ELEANOR PROVOST, et. al.,<br><br>Defendants. | CASE NO. 1:11-cv-00737-AWI-SMS<br><br>ORDER DISMISSING CASE FOR LACK OF FEDERAL JURISDICTION AND DENYING AS MOOT MOTION TO PROCEED *IN FORM PAUPERIS*<br><br>(Docs. 1 and 2) |

On March 29, 2011, Plaintiff William J. Brainard filed this action alleging claims under 42 U.S.C. § 1983 arising from the conduct of an eviction action against Plaintiff in California Superior Court. Plaintiff names as Defendants Eleanor Provost, Judge of the Superior Court of the State of California, County of Tuolomne; James Mele, Sacramento County Sheriff-Coroner; Dan Crow, "agent for Sacramento County Sheriff"; Bryan and Carol Willmon, plaintiffs in the eviction action (Tuolomne County Superior Court No. CVL55835); Michael D. Macomber, attorney for Bryan and Carol Willmon; James A. Boscoe; Douglas C. Boyack; John M. Martin; and 100 John Does.

Plaintiff's constitutional claims are actually in the nature of an appeal from the state court's eviction order, based on alleged procedural improprieties. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v.*

*Fidelity Trust Co.*, 263 U.S. 413 (1923).  *See also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004).  In the absence of unambiguous authority to the contrary, a state court is presumed to be an adequate forum in which to raise federal claims.  *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).   To challenge the order(s) or judgment(s) of the state court, Plaintiff must file an appeal with the appellate division of the state court.  *Feldman*, 460 U.S. at 482-86; *Rooker*, 263 U.S. at 415-16.   Ultimately, appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court.  28 U.S.C. § 1257.  A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.  *Bianchi*, 334 F.3d at 898.  Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling.  *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

    This Court lacks subject matter jurisdiction over Plaintiff's claimed violations of constitutional and other federally protected rights in connection with the state court's adjudication of the eviction action.  Accordingly, Plaintiff's federal complaint must be dismissed.

    Plaintiff has also moved to proceed *in forma pauperis* (Doc. 2).  Because this order dismisses Plaintiff's complaint, the motion to proceed *in forma pauperis* is moot.

    This action is **HEREBY DISMISSED** for lack of federal jurisdiction.

IT IS SO ORDERED.

Dated:   May 13, 2011

CHIEF UNITED STATES DISTRICT JUDGE